[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

No. 09-11557
Non-Argument Calendar

_____

D. C. Docket No. 08-00317-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 3, 2009)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PRYOR, Circuit Judge:

Cornelius Bryant appeals his conviction and sentence of 240 months of

imprisonment for bank robbery by force and violence. 18 U.S.C. § 2113(a). Bryant argues that the government failed timely to disclose evidence, his out-of-court identification was inadmissible, and he should not have been sentenced as a career offender. We affirm.

## I. BACKGROUND

A black male wearing black jeans and a black shirt with a picture of a skull entered the MidFlorida Federal Credit Union in Lakeland, Florida. The man approached teller Ashlee Boyer and demanded she relinquish the money in her cash drawer. Boyer complied and watched the man stuff $1650 into a purple and gold bag marked "Crown Royal," while another teller, Pamela Delello, observed the man linger at Boyer's window. After the man left the credit union, Boyer told Delello that she had been robbed, and Delello activated her silent alarm.

Officers of the Lakeland Police Department arrived at the scene and a K-9 unit tracked the robber to a nearby apartment. An officer knocked on the door and, several minutes later, Bryant walked out of the apartment. Because Bryant matched the description of the robber, Sergeant Steven Pacheco ordered officers to detain Bryant until Sergeant Jeff Birdwell arrived with Delello. Delello identified Bryant as the robber, and officers obtained a warrant to search Bryant's apartment. During the search, officers discovered a black duffel bag containing documents

2

bearing Bryant's name, black jeans and a black shirt with a skull, and a purple and gold bag marked "Crown Royal."

Later that day, officers asked Boyer to look at Bryant, but Boyer was unable to identify him as the robber. Boyer told authorities that the robber "had short dreadlocks, . . . a tattoo on his neck, and what appeared to be on his right arm." A few weeks later, customer Lakesha Best, who had been waiting in line behind Bryant, identified Bryant as the robber from a photographic lineup.

Bryant was indicted for robbing a bank by force and violence. 18 U.S.C. § 2113(a). Bryant moved to suppress the identification by Delello as unduly suggestive. The government responded that Delello's identification was reliable because she was an eyewitness to the crime, she identified Bryant shortly after the robbery, and she was confident of her identification.

After the parties struck a jury, the district court held a hearing on Bryant's motion to suppress. The government presented testimony from Sergeants Pacheco and Birdwell, and counsel for the defense read a stipulation of facts about Delello's statement to the police. Delello stated that Sergeant Birdwell drove to a driveway where he "told [Delello] that they had someone that they wanted [her] to identify." Delello said that she viewed Bryant from the front and in profile, asked that he face front again for Delello "to visualize" the robber mentally, and then she was able to

3

identify Bryant as the robber. The district court denied Bryant's motion without prejudice, ruling that "a one-on-one show-up is not, per se, unduly suggestive" and "there[] [was] nothing in the record to suggest that [Delello's] identification was not otherwise reliable."

At trial, the government presented testimony from Boyer, Delello, Best, and Sergeant Pacheco and photographs of Bryant downloaded from surveillance cameras inside and outside the credit union. During her testimony, Boyer testified that the robber "had a tattoo on his neck." Bryant cross-examined Boyer about her previous statement to the police in which she described the robber as having tattoos on his arm and shoulder, and Boyer acknowledged that she had not told the police about the third tattoo. When questioned further, Boyer said that she had told a prosecutor about the tattoo on the robber's neck.

Bryant requested a sidebar conference and argued that the government had violated Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), by failing to disclose Boyer's statement about the tattoo on the robber's neck. The prosecutor responded that she was not aware, until cross-examination, that Boyer had made an inconsistent statement. Defense counsel argued that he would not have mentioned the inconsistency if he had known about the previous statement and he moved for a mistrial. The district court denied the motion and ruled that Boyer had never

4

identified Bryant as the robber and he could argue that Boyer's testimony was inconsistent and unreliable.

After the government rested its case, Bryant renewed his motion for a mistrial. The district court ruled that Bryant had not been "substantially prejudiced" when Boyer "recall[ed]" the tattoo on the robber's neck and any error was harmless because other witnesses had identified Bryant as the robber. The jury found Bryant guilty of the bank robbery.

The presentence investigation report identified Bryant as a career offender. United States Sentencing Guideline § 4B1.1 (Nov. 2008). The report stated that Bryant had four prior convictions for bank robbery and a conviction in a Florida court for fleeing or attempting to elude a police officer. With a criminal history category of VI, the report listed a sentencing range between 210 and 240 months of imprisonment. The report stated that Bryant faced a maximum statutory sentence of 240 months.

Bryant objected to the career offender enhancement and argued that his conviction for fleeing a police officer did not constitute a crime of violence. The district court reviewed a copy of the judgment, which stated that Bryant was convicted of "willfully flee[ing] or attempt[ing] to elude a law enforcement officer . . . and during the course of the fleeing or attempted eluding [drove] at high speed,

or in any manner which demonstrate[d] a wanton disregard for the safety of persons or property." Fla. Stat. § 316.1935(3). The court ruled that Bryant's argument was foreclosed by our decision in United States v. Orisnord, 483 F.3d 1169, 1182–83 (11th Cir. 2007). The district court sentenced Bryant to 240 months of imprisonment.

## II. STANDARDS OF REVIEW

We review the denial of a Brady objection for abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). The decision to admit an out-of-court identification "is subject to plenary review as a mixed question of fact and law," and we review for clear error the finding that Bryant's identification was not impermissibly suggestive. Cikora v. Dugger, 840 F.2d 893, 895, 896 (11th Cir. 1988). We review de novo whether Bryant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. United States v. Harris, No. 08-15909, slip op. at 4 (11th Cir. Nov. 3, 2009).

## III. DISCUSSION

Bryant challenges his conviction and sentence on three grounds. First, Bryant argues that the government violated Brady when it failed to disclose teller Boyer's prior inculpatory statement that the robber had a tattoo on his neck. Second, Bryant argues that Delello's out-of-court identification was unduly

6

suggestive and unreliable. Third, Bryant argues that his prior conviction for fleeing a police officer is not a crime of violence. These arguments fail.

The district court did not abuse its discretion by denying Bryant's motion for a mistrial. Bryant failed to prove there was a reasonable probability that the outcome of his trial would have been different if the government had disclosed Boyer's inculpatory statement before trial. Boyer never identified Bryant as the bank robber, but other evidence established his guilt. Delello and Best identified Bryant as the robber, and the government introduced photographs of Bryant taken from surveillance recordings of the robbery.

Nor did the district court clearly err by admitting Delello's out-of-court identification. The record supports the finding of the district court that Delello's identification was reliable. Delello observed Bryant during the robbery and she was confident of that identification.

The district court also did not err by enhancing Bryant's sentence. Bryant's argument that his prior conviction for fleeing or eluding a police officer "at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property," Fla. Stat. § 316.1935(3), did not constitute a crime of violence for the career offender guideline enhancement is foreclosed by our recent decision in United States v. Harris, No. 08-15909 (11th Cir. Nov. 3, 2009). We

7

held in <u>Harris</u> that a violation of section 316.1935(3) involves the type of "purposeful, violent, and aggressive conduct" that <u>Begay v. United States</u>, 128 S. Ct. 1581, 1586 (2008), requires to constitute a crime of violence.

## IV. CONCLUSION

Bryant's conviction and sentence are **AFFIRMED**.